FILED

2005 May-04  PM 06:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA,
## WESTERN DIVISION

| | |
|---|---|
| **JOHNNY SWINK, ET AL.,** ) | |
| ) | |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| ) | |
| **v.** ) | **Case NO: CV-03-C0-2033-W** |
| ) | |
| **CONOCOPHILLIPS COMPANY** ) | |
| **CORP., ET AL.,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## DEFENDANTS' OBJECTIONS TO PLAINTIFFS' PRETRIAL WITNESS AND EXHIBIT DISCLOSURE

Defendants ConocoPhillips Company Corporation

("ConocoPhillips"), Dominion Exploration and Production, Inc.

("Dominion") and Universal Compression, Inc. ("Universal") (collectively,

"Defendants") hereby object to the following witnesses and exhibits

included on the Plaintiffs' Pretrial Witness and Exhibit Disclosure[1]:

## COMMON OBJECTIONS TO PLAINTIFFS' WITNESS LIST

1.     In many cases, Plaintiffs have identified as witnesses unnamed

representatives of various entities.  Since Defendants cannot know exactly

---

[1] Per the Court's instruction, the parties have discussed all objections and attempted to resolve differences prior to filing this document.

01176189.1                                    -1-

who Plaintiffs expect to call at trial, Defendants are not able, at this time, to raise specific objections to many of the listed witnesses.  If Plaintiffs will identify by name, phone number and address each witness that they intend to call at the trial of this case, Defendants will then raise all specific objections as required under Federal Rule of Civil Procedure 26(a)(3).

2.      Defendants object to Plaintiffs' Witness List to the extent that its identification of potential witnesses or its description of the substance of the potential witnesses' testimony is vague, ambiguous, and/or unintelligible, thus preventing Defendants from adequately identifying, locating or properly objecting to such witness.

3.      Defendants also object to Plaintiffs' witnesses to the extent the proposed testimony from each witness lacks foundation or is immaterial, irrelevant, hearsay, or otherwise inadmissible.

4.      Defendants object to the List of Witnesses to the extent that Plaintiffs failed to provide complete addresses and/or phone numbers of the potential witnesses.

5.      Defendants' objection to any individual witness on a particular ground or grounds shall not be construed as a waiver of their right to object on any additional ground(s).

## SPECIFIC OBJECTIONS TO PLAINTIFFS' WITNESS LIST

1.      Defendants object to Plaintiffs calling Robert Bigham, Ashley Bigham, Jeff Cunningham, Sandra Cunningham, Terry Dunn, Eva Dunn, Ricky Earnest, Sally Earnest, Lisa Hayes, Billie Kendall, Sadie Leonard, Terry Long, Patty Long, James Neal, Betty Neal, Dennis Robertson, Sharon Robertson, Tony Watson, Linda Watson, and Joey Bagwell for the reasons set out in the motion *in limine* to be filed by Defendants regarding testimony by these individuals.    In summary, testimony from these witnesses is irrelevant, immaterial and violates Rule 403.

2.      Defendants object to Plaintiffs calling Steve A. Stevens as a witness on the basis that the cause of the volume of traffic on Highway 69 lacks foundation, is immaterial, irrelevant and constitutes inadmissible hearsay.

3.      Defendants object to Plaintiffs calling Terry Bentley, M.D. as a witness for the reasons set out in the motion *in limine* and/or the supplemental and/or amended *Daubert* motion  to be filed by Defendants. In summary, Dr. Bentley is not an expert in infrasound; his testimony is based on speculation; his testimony is inadmissible under *Daubert*, other Supreme Court decisions, and the Federal Rules of Evidence applicable to expert testimony; his testimony is irrelevant; his testimony is based on

hearsay; and his testimony violates FRE 403.   regarding any causal link between Defendants' actions or inactions and the Plaintiffs' alleged injuries.

4.      Defendants object to Plaintiffs calling Pavel Jasterboff, PhD as a witness for the reasons set out in the motion *in limine* and/or the supplemental and/or amended *Daubert* motion  to be filed by Defendants. In summary, Dr. Jasterboff is not an expert in infrasound; his testimony is based on speculation; his testimony is inadmissible under *Daubert*, other Supreme Court decisions, and the Federal Rules of Evidence applicable to expert testimony; his testimony is irrelevant; his testimony is based on hearsay; and his testimony violates FRE 403. Defendants further object to Plaintiffs calling Dr. Jasterboff as an expert witness on the basis that Plaintiffs have failed to make Dr. Jasterboff available for deposition as required by Fed. R. Civ. P. 26(b)(4)(A).

5.      Defendants object to Plaintiffs eliciting expert opinions from Tom Adams, Barbara Solomon, Dr. Harry Logue and Jim Less Day Jr. OD on the grounds that they were not listed as experts by Plaintiffs and, consequently, should not be allowed to offer opinion testimony. Defendants also object to their testimony as irrelevant, inadmissible hearsay and in violation of Rule 403.

6.    Defendants object to Plaintiffs eliciting opinions from Tracy Taylor on the grounds that he was not listed as an expert and cannot give opinion testimony. Defendants also object as his testimony lacks foundation and violates Rule 403.

7.    Defendants object to Leslie Liebman, Brandy Phillips, Bobbie Alexander Lastrapes, Bonnie Smith, Harold Fondren, Steve Campell, Woody Benson, Greg Brown and Michael Fondren as witnesses on the grounds that such testimony is irrelevant, constitutes inadmissible hearsay and violates Rule 403.

## GENERAL OBJECTIONS TO PLAINTIFFS' DESIGNATION OF WITNESS TESTIMONY VIA DEPOSITION

Defendants generally object to the substantive use of any deposition absent a showing that the deponent is speaking as a party/opponent, or a showing that the non-party witness is unavailable under Fed. R. Civ. P. 32. Defendants further object to Plaintiffs' designation of deposition testimony to the extent the deposition questions are vague and ambiguous, argumentative, speculative, assume facts not in evidence, mischaracterize testimony, compound, lack foundation, elicit hearsay and mislead the deponent. Defendants also object to Plaintiffs designation of deposition testimony to the extent that testimony is irrelevant and unfairly prejudicial. Finally, Defendants generally object to Plaintiffs' designation of deposition

testimony to the extent the testimony is protected by the attorney-client privilege and/or the attorney work product doctrine. Defendants' specific objections are as follows:

<u>**SPECIFIC OBJECTIONS**</u>

1.     Brian Calloway

    Defendants object to the following deposition excerpts identified by plaintiffs (Page[s]:line[s]): 6:5 – 7:13 (attorney/client privilege and attorney work product doctrine); 9:16 – 25 (attorney/client privilege and attorney work product doctrine); 11:13 – 17 (speculation and/or hearsay); 25:3 – 10 (argumentative); 25:19 – 24 (speculation and/or hearsay); 37:1 – 11 (attorney/client privilege and attorney work product doctrine); 39:23 - 40:14 (attorney/client privilege and attorney work product doctrine); 41:14 - 42:10 (attorney/client privilege and attorney work product doctrine; argumentative); 44:20 – 23 (no testimony is contained in these lines); 50:13 – 19 (no testimony is contained in these lines); 50:23 - 51:9 (no testimony is contained in these lines); 54:6 – 18 (mischaracterizes testimony); 59:20 - 60:1 (attorney/client privilege and attorney work product doctrine); 63:1 – 6 (no testimony is contained in these lines); 81:117 – 20 (mischaracterizes testimony; argumentative); 84:2 – 7 (mischaracterizes testimony; argumentative; attorney client privilege and attorney work product doctrine);

85:19 - 87:21(mischaracterizes testimony; argumentative; attorney client privilege and attorney work product doctrine); 88:4 - 90:1(mischaracterizes testimony; argumentative; attorney client privilege and attorney work product doctrine);100:9 - 13 (mischaracterizes testimony); 100:20 - 103:6 (mischaracterizes testimony; argumentative; attorney client privilege and attorney work product doctrine).

Defendants may offer the deposition testimony of this witness at page(s)/line(s):

91:2 - 92:7;  92:15 – 25;  96:2 – 8; 98:12 - 100:4.

2.    Pawel Jasterboff

Defendants object to all portions of this deposition after page 34, line 2, except for the following passages, as to which there is no objection: 43:11-44:19; 49:12-17; 58:4-10; 62:21-63:7; 65:4-7; 72:1-16; 91:11-22; and 123:2-124:10.  Defendants' objections are as follows: Dr. Jasterboff is not an expert in infrasound; his testimony is based on speculation; his testimony is inadmissible under *Daubert*, other Supreme Court decisions, and the Federal Rules of Evidence applicable to expert testimony; his testimony is irrelevant; his testimony is based on hearsay; and his testimony violates Rule 403.  If Defendants' objections are overruled in whole or in part, Defendants

reserve the right to read as rebuttal any of the portions designated by Plaintiffs (i.e., any part of the deposition).

3.      Robert F. Singleton

Defendants object, based on Rule 32, FRCP, to plaintiffs' use of Bob Singleton's deposition. To the extent plaintiffs are allowed to use Bob Singleton's deposition, we object to 62:12-18 and 92:22 – 93-13. Defendants' objections relate to questions that were objected to, and subsequently rephrased, by plaintiffs' counsel. If the deposition is allowed, the questions giving rise to the objections, including the objections, should be excluded.

## COMMON OBJECTIONS TO PLAINTIFFS' EXHIBIT LIST

All of the Common Objections set forth herein are incorporated in each of the specific responses to Plaintiffs' Exhibit List (the "List") set forth below and have the same force and effect as if fully set forth therein.

1.      In many cases, Plaintiffs have identified as exhibits collections of documents.  Since Defendants cannot know exactly which document in these collections, or which portion of which document, Plaintiffs intend to offer at trial, Defendants are not able, at this time, to raise specific objections to many of the listed exhibits.  If Plaintiffs will identify (and make available for inspection) the specific documents, and the portions of specific

documents, that they intend to offer as evidence at the trial of this case, Defendants will then raise all specific objections as required under Federal Rule of Civil Procedure 26(a)(3).

2.     Defendants object to the List to the extent that it includes descriptions of proposed Exhibits that are vague, ambiguous, and/or unintelligible, thus preventing Defendants from adequately identifying, locating or properly objecting to such materials.

3.     Defendants also object to Plaintiffs' exhibits to the extent they lack foundation or are immaterial, irrelevant, hearsay, or otherwise inadmissible.

4.     Defendants object to the List to the extent that it includes proposed Exhibits that have not yet been produced or otherwise made available to them.  Because Defendants have not seen or reviewed these documents and do not know which portions of the documents that Plaintiffs intend to offer as evidence, Defendants are not able, at this time, to assert specific objections.  If Plaintiffs will make these documents available for inspection and will identify the specific portions of the documents that Plaintiffs intend to offer into evidence, Defendants will then assert all specific objections as required under Federal Rules of Civil Procedure 26(a)(3).

5.     Defendants' objection to any individual proposed Exhibit on a particular ground or grounds shall not be construed as a waiver of their right to object on any additional ground(s).

## SPECIFIC OBJECTIONS TO PLAINTIFFS' EXHIBIT LIST

1.     Defendants object to **Exhibit Number 1** as inadmissible hearsay and, to the extent it relates to Plaintiffs other than the Swinks and Tracy Rominger, as irrelevant, immaterial, and improper under Rule 403.

2.     Defendants objects to **Exhibit Number 2** as inadmissible hearsay and, to the extent it relates to Plaintiffs other than the Swinks and Tracy Rominger, as irrelevant, immaterial, and improper under Rule 403.

3.     Defendants object to **Exhibit Number 3** as inadmissible hearsay and, to the extent it relates to Plaintiffs other than the Swinks and Tracy Rominger, as irrelevant, immaterial, and improper under Rule 403.

4.     Defendants object to **Exhibit Number 4** as inadmissible hearsay and, to the extent it relates to Plaintiffs other than the Swinks and Tracy Rominger, as irrelevant, immaterial, and improper under Rule 403.

5.     Defendants object to **Exhibit Number 5** as inadmissible hearsay and, to the extent it relates to Plaintiffs other than the Swinks and Tracy Rominger, as irrelevant, immaterial, and improper under Rule 403.

6.     Defendants object to **Exhibit Number 6** as inadmissible hearsay and, to the extent it relates to Plaintiffs other than the Swinks and Tracy Rominger, as irrelevant, immaterial, and improper under Rule 403.

7.     Defendants object to **Exhibit Number 7** as inadmissible hearsay and, to the extent it relates to Plaintiffs other than the Swinks and Tracy Rominger, as irrelevant, immaterial, and improper under Rule 403.

8.     Defendants object to **Exhibit Number 8** as inadmissible hearsay and, to the extent it relates to Plaintiffs other than the Swinks and Tracy Rominger, as irrelevant, immaterial, and improper under Rule 403.

9.     Defendants object to **Exhibit Number 9** as inadmissible hearsay and, to the extent it relates to Plaintiffs other than the Swinks and Tracy Rominger, as irrelevant, immaterial, and improper under Rule 403.

10.    Defendants object to **Exhibit Number 10** as inadmissible hearsay and, to the extent it relates to Plaintiffs other than the Swinks and Tracy Rominger, as irrelevant, immaterial, and improper under Rule 403.

11.    Defendants object to **Exhibit Number 11** to the extent that any of the e-mails and letters referenced herein contain improper opinions or inadmissible hearsay.

12.    Defendants object to **Exhibit Number 12** as lacking authentication, lacking foundation, and constituting inadmissible hearsay.

13.    Defendants object to **Exhibit Number 13** as inadmissible hearsay.

14.    Defendants object to **Exhibit Number 14** as inadmissible hearsay.

15.    Defendants object to **Exhibit Number 15** as lacking foundation, lacking authentication and constituting inadmissible hearsay.

16.    Defendants object to **Exhibit Number 16** as inadmissible hearsay.

17.    Defendants object to **Exhibit Number 17** as inadmissible hearsay.

18.    Defendants object to **Exhibit Number 18** as inadmissible hearsay.

19.    Defendants object to **Exhibit Number 19** as inadmissible hearsay.

20.    Defendants object to **Exhibit Number 20** as lacking foundation, lacking authentication, and constituting inadmissible hearsay.

21.    Defendants object to **Exhibit Number 21** to the extent that it contains inadmissible hearsay or improper opinons.

22.    Defendants object to **Exhibit Number 22** to the extent that it contains inadmissible hearsay or improper opinions.

23.    Defendants object to **Exhibit Number 23** to the extent that it contains inadmissible hearsay.

24.    Defendants object to **Exhibit Number 24** to the extent that it contains inadmissible hearsay.

25.    Defendants object to **Exhibit Number 25** as lacking foundation, lacking authentication, and constituting inadmissible hearsay.

26.    Defendants object to **Exhibit Number 26** to the extent that it contains inadmissible hearsay.

27.    Defendants object to **Exhibit Number 27** as inadmissible hearsay and, to the extent it relates to Plaintiffs other than the Swinks and Tracy Rominger, as irrelevant, immaterial, and improper under Rule 403.

28.    Defendants objects to **Exhibit Number 37** as inadmissible hearsay.

29.    Defendants object to **Exhibit Number 38** as inadmissible hearsay.

30.    Defendants object to **Exhibit Number 39** as inadmissible hearsay.

31.    Defendants object to **Exhibit Number 40** as inadmissible hearsay.

32.     Defendants object to **Exhibit Number 44** to the extent it relates to medical records (as opposed to billing records) as lacking foundation, lacking authentication, containing improper opinions and constituting inadmissible hearsay.

33.     Defendants object to **Exhibit Number 45** to the extent it relates to medical records (as opposed to billing records) as lacking foundation, lacking authentication, containing improper opinions and constituting inadmissible hearsay.

34.     Defendants object to **Exhibit Number 46** to the extent it relates to medical records (as opposed to billing records) as lacking foundation, lacking authentication, containing improper opinions and constituting inadmissible hearsay.

35.     Defendants object to **Exhibit Number 47** to the extent it relates to medical records (as opposed to billing records) as lacking foundation, lacking authentication, containing improper opinions and constituting inadmissible hearsay.

36.     Defendants object to **Exhibit Number 48** as lacking foundation, lacking authentication and constituting inadmissible hearsay.

37.     Defendants object to **Exhibit Number 49** as lacking foundation, lacking authentication, and constituting inadmissible hearsay.

38.     Defendants object to **Exhibit Number 50** as lacking foundation, lacking authentication, and constituting inadmissible hearsay.

39.     Defendants object to **Exhibit Number 51** as lacking foundation, lacking authentication, and constituting inadmissible hearsay.

40.     Defendants object to **Exhibit Number 52** as lacking foundation, lacking authentication, and constituting inadmissible hearsay.

41.     Defendants object to **Exhibit Number 53** to the extent it contains inadmissible hearsay.

42.     Defendants object to **Exhibit Number 54** as being too generally identified, lacking foundation, lacking authentication, and constituting inadmissible hearsay.

43.     Defendants object to **Exhibit Number 55** as being too generally identified, lacking foundation, lacking authentication, and constituting inadmissible hearsay.

44.     Defendants object to **Exhibit Number 56** as being too generally identified, lacking foundation, lacking authentication, and constituting inadmissible hearsay.

45.     Defendants object to **Exhibit Number 57** as being too generally identified, lacking foundation, lacking authentication, and constituting inadmissible hearsay.

46.     Defendants object to **Exhibit Number 58** as being too generally identified, lacking foundation, lacking authentication, and constituting inadmissible hearsay.

47.     Defendants object to **Exhibit Number 60** as being too generally identified, lacking foundation, lacking authentication, and constituting inadmissible hearsay.

48.     Defendants object to **Exhibit Number 61** as being too generally identified, lacking foundation, lacking authentication, and constituting inadmissible hearsay.

49.     Defendants object to **Exhibit Number 62** as being too generally identified, lacking foundation, lacking authentication, and constituting inadmissible hearsay.

50.     Defendants object to **Exhibit Number 63** - specifically "documents disclosed by Defendants" - as being vague and ambiguous, too generally identified, lacking foundation, lacking authentication, and constituting inadmissible hearsay.

51.     Defendants object to **Exhibit Number 64** as being too generally identified, lacking foundation, lacking authentication, and constituting inadmissible hearsay.

52.     Defendants object to **Exhibit Number 65** as being too generally identified, lacking foundation, lacking authentication, and constituting inadmissible hearsay.

53.     Defendants object to **Exhibit Number 66** as being too generally identified, lacking foundation, lacking authentication, and constituting inadmissible hearsay.

54.     Defendants object to **Exhibit Number 67** as being too generally identified, lacking foundation, lacking authentication, and constituting inadmissible hearsay.

55.     Defendants object to **Exhibit Number 70** as being too generally identified, lacking foundation, lacking authentication, and constituting inadmissible hearsay.

Defendants reserve the right to amend and/or supplement their objections to the List consistent with further investigation and discovery.

Respectfully submitted, this 4th day of May, 2005.


/s/ Edward M. Holt
Stephen C. Jackson
Carl S. Burkhalter
Edward M. Holt

Attorneys for Defendants
ConocoPhillips Company Corporation
and Dominion Exploration and
Production, Inc.

OF COUNSEL:
MAYNARD, COOPER & GALE, P.C.
1901 6TH Avenue North
Suite 2400
Birmingham, AL 35203
(205) 254-1000

/s/ Kenneth B. Cole_____
Kenneth B. Cole
Jeremiah M. Hodges
Attorneys for Universal Compression,
Inc.

OF COUNSEL:
COLE & ASSOCIATES, L.L.C.
220 Rhett Avenue Southwest, Suite A
Huntsville, AL 35801
(256) 539-3110

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system. In the event that the CM/ECF system does not send notification of such filing to the following, undersigned counsel will serve the following via U.S. Mail:

William R. Adair, Jr.
Ivey & Ragsdale
P.O. Box 1349
Jasper, AL 35502-1349

this the 4th day of May, 2005.

/s/ Edward M. Holt_____
OF COUNSEL